# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ADEOLA ADENIYI, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-18-238 |
| | | (Crim. Action No. ELH-15-421) |
| UNITED STATES OF AMERICA, | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM

In 2016, Adeola Adeniyi entered a plea of guilty, pursuant to a written plea agreement, to the charge of wire fraud conspiracy, in violation of 18 U.S.C. § 1349. Case No. ELH-15-421, ECF 162, 163; *see also* ECF 231 (judgment, entered May 19, 2017). Adeniyi, who is self-represented, has now filed a self-styled "Motion for Turn Over of Passports, Computers and All My Personal Properties." Case No. ELH-18-238, ECF 1 (capitalization altered). Adeniyi, a Nigerian citizen, seeks the return of his Nigerian passports,[1] "electronics computers, Ipad," and other unspecified personal property. ECF 1 at 1. He asserts that "The US Attorney agreed to released [sic] [these items] during the plead [sic] bargain once he surrender[ed] to the Bureau of Prisons." *Id.* at 2.

The government has responded in opposition to this Motion. ECF 2. It asserts that the computers and iPad were forfeited under the plea agreement's express terms, which also provide that no other agreements or promises will supersede the plea's agreements terms unless such agreements are in writing and signed by both parties. *Id.* at 1-2. The government notes that Adeniyi is subject to removal from the United States following completion of his 24 month term

---

[1] The Motion uses both the singular and plural forms of passport. Based on the Government's response, it appears that one valid Nigerian passport and one expired Nigerian passport in Adeniyi's name were seized as part of the criminal investigation. ECF 2 at 1.

of imprisonment, and argues that the passports, which are in the custody of U.S. Immigration and Customs Enforcement ("ICE"),[2] should remain in ICE's custody "in preparation for his removal proceedings." ECF 2 at 2. Additionally, the Defendant states that no other property belonging to Adeniyi is in its custody. *Id.*

The Defendant correctly summarizes the plea agreement, which states, in relevant part:

> 14. The Defendant agrees to forfeit all right, title and interest in the following property seized by law enforcement authorities from 1710 Edgewood Drive, Apartment #D, Parkville, Maryland on July 21, 2015, including the following property:
>
> a. An HP laptop computer;
> b. An Apple Macbook laptop computer;
> c. 2 Apple iPhone cellular telephones; and
> d. An Apple iPad tablet.
>
> . . .
>
> Entire Agreement
>
> 22. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

Case ELH-15-421, ECF 163 at 5, 7. Adeniyi does not allege the existence of an additional agreement that is consistent with the terms of paragraph 22 of the plea agreement, and paragraph 14 of the plea agreement plainly states that Adeniyi agrees to forfeit his iPad and other electronic devices. Thus, the Court rejects Adeniyi's request for the return of such items.

As to the issue of Adeniyi's passports, numerous courts have rejected requests for

---

[2] At present, the passports are held by ICE's Homeland Security Investigations section. ECF 2 at 1; *see also* Homeland Security Investigations, https://www.ice.gov/hsi (last visited Feb. 2, 2018). The Defendant reports that the passports should be transferred to ICE's Enforcement and Removal Operations section as part of the removal proceedings. ECF 2 at 2. However, this impending intra-agency transfer of Adeniyi's passports has no material impact on the evaluation of the pending Motion.

2

similarly situated defendants facing deportation following imprisonment, explaining:

> The court is persuaded that the effectuation of [Defendant's] deportation following his term of imprisonment is a legitimate reason for the government to retain [Defendant's] passport and visa. *See United States v. Vysniauskas*, No. 10–CR–20717, 2016 WL 465492, at *2 (E.D. Mich. Feb. 8, 2016) ("In addition, the Court also concludes that Petitioner's identify [sic] documents (his passports, drivers license, and bank card) should not be returned to him because they will be needed to effect his deportation after the completion of Petitioner's sentence."); *United States v. Beras*, No. 99–CR–75, 2003 WL 21136727, at *2 (S.D.N.Y. May 15, 2003) ("[S]hould [movant] be subject to exclusion proceedings at the end of his prison term, his passport will be necessary at that time to properly effect his deportation. 'Any disposition regarding [movant's] passport must await the result of exclusion proceedings.' ") (alterations omitted) (quoting *Esieke v. United States*, No. CV–93–1367, 1993 WL 184153, at *1 (E.D.N.Y. May 19, 1993)); *Berrum v. United States*, No. 01–C–4384, 2003 WL 1869248, at *1 (N.D. Ill. Apr. 9, 2003) ("[Movant] is a deportable alien. Therefore, he is subject to being deported after the completion of his term of incarceration . . .[Movant] is not entitled to presently have the passport returned to him.").

*United States v. Akobundu*, No. 14-CR-00156-GKF, 2017 WL 5514175, at *2 (N.D. Okla. Nov. 17, 2017).

Adeniyi argues that his passport should be sent to his place of incarceration, where prison officials "will not give it to [him] obviously but will put it in [his] file." ECF 3. He asserts that he will not be fighting his deportation, implying that it is therefore unnecessary for ICE to retain the passport for future deportation proceedings. The Court is not persuaded by Adeniyi's arguments. Regardless of whether Adeniyi intends to contest his future deportation, it is ICE—and not Adeniyi's prison facility—that bears the responsibility for seeking and/or effecting the deportation. Accordingly, the Court will apply the approach of *Akobundu* and similar cases to the instant case, and reject Adeniyi's request for the return of his passports.

Although Adeniyi's initial motion did not specify the personal property at issue, Adeniyi has since stated that he would like for his "Wrist Watches and Jewelries" to be returned to his wife. ECF 3. But, the government asserts that, other than the Electronic Devices and passports considered above, "[n]o other personal property belonging to Adeniyi is in government custody."

ECF 2 at 2. As the Government does not possess the items in question, the Court is unable to grant Adeniyi's request that such property be returned.

An Order follows.

Date:  February 13, 2018        /s/
                                Ellen L. Hollander
                                United States District Judge