**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

ADEOLA ADENIYI,        *

Plaintiff        *

v        *    Civil Action No. ELH-18-238
                                (Related Crim. Action No. ELH-15-421)

UNITED STATES OF AMERICA,        *

Defendant        *
                             ***

## MEMORANDUM

In 2016, Adeola Adeniyi entered a plea of guilty, pursuant to a written plea agreement, to the charge of wire fraud conspiracy, in violation of 18 U.S.C. § 1349. Case No. ELH-15-421, ECF 162, 163; *see also* ECF 231 (judgment, entered May 19, 2017).[1] In January 2018, Adeniyi filed a self-styled "Motion for Turn Over of Passports, Computers and All My Personal Properties." Case No. ELH-18-238, ECF 1 ("Motion") (capitalization altered). In particular, he sought the return of his Nigerian passports, "electronics computers, Ipad," and other unspecified personal property. ECF 1 at 1.

The government responded, arguing that the Court should deny Adeniyi's Motion for the following reasons, ECF 2 at 2:

> First, the Electronic Devices are subject to forfeiture in accordance with an Order of Forfeiture entered with Adeniyi's consent and agreed upon in his plea agreement. Second, the Passports[, which are in the custody of Immigration and Customs Enforcement (ICE)] should be placed in Adeniyi's immigration file with ICE's Enforcement and Removal Operations Division] in preparation for his removal proceedings. No other personal property belonging to Adeniyi is in government custody.

Adeniyi filed a Reply. ECF 3. He specified for the first time that he desired that his

---

[1] The criminal case was originally assigned to Judge J. Frederick Motz. It was reassigned to me on November 21, 2017.

"Wrist Watches and Jewelries" be returned to his wife. ECF 3.

In a decision issued February 13, 2018, the Court denied the Motion. ECF 4. The Court explained that Adeniyi forfeited the electronic devices pursuant to the terms of his plea agreement. *See* Case No. ELH-15-421, ECF 230.[2] In addition, I noted that Adeniyi's passports were being held by ICE pending his deportation upon completion of his sentence, and the government denied that it possessed any of Adeniyi's other personal property. ECF 4.

On March 23, 2018, Adeniyi filed a submission titled "Re: Letter Motion for Returning of Remaining Properties." ECF 6 ("Letter Motion"). The Letter Motion reports that the government returned Adeniyi's Rolex watch to his wife on March 1, 2018. *Id.* at 2. This contradicted the government's prior assertion that it did not possess any of Adeniyi's non-forfeited personal property. Further, Adeniyi said, ECF 6:

> Respectfully, Your Lordship I employ [sic] this court to govern by mere factual rule of law and be proactive in their reasoning before an ORDER are been [sic] made to the detrimental [sic] of the weak, my last hope lies in this hallowed chamber to seek equal justice regardless of the ethnic or racial background.

It is difficult to discern Adeniyi's desired relief from his Letter Motion. As the Court has already denied Adeniyi's Motion for return of property, the Court will construe the Letter Motion as a motion for relief from judgment under Fed. R. Civ. P. 60(b).[3] "A movant seeking relief from a judgment under Rule 60(b) must make a threshold showing of 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional

---

[2] The "Consent Order of Forfeiture," docketed on May 17, 2017, in the criminal case, expressly provided for the forfeiture of various electronic devices, including two computers. *See* ELH-18-238, ECF 230.

[3] Because Adeniyi's Letter Motion was filed more than a month after the Court's Order denying relief, it would be inappropriate to construe Adeniyi's filing as a Rule 59(e) motion to alter or amend the judgment, as such motions must be filed within 28 days of the judgment being challenged.

circumstances.'" *Buholtz v. Carroll*, 709 F. App'x 177, 177-78 (4th Cir. 2018) (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." *Dowell*, 993 F.3d at 48.

The six sections of Rule 60(b) provide:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

In my view, Adeniyi has not satisfied the criteria of Fed. R. Civ. P. 60(b). Moreover, the Court's decision was, as always, rendered on the basis of the facts and the law. And, contrary to Adeniyi's suggestion to the contrary, it was rendered without regard to race or ethnicity.

The Motion is denied. An Order follows.


Date:  April 4, 2018                                      _____/s/_____
                                                          Ellen L. Hollander
                                                          United States District Judge